[Civil No. 1540.   Filed June 23, 1917.]

[165 Pac. 1097.]

WARREN COMPANY, a Corporation, Appellant, v. L. WILLARD WHITT, a Minor, by NANCY M. STONE, His Guardian Ad Litem, Appellee.

1. STREET RAILROADS—MAINTENANCE OF ROAD—ACTION FOR INJURIES.—In an action against a street railroad company for personal injuries sustained on account of the overturning of plaintiff's automobile due to the defective condition of the track, evidence *held* to sustain a finding that plaintiff was not guilty of contributory negligence in driving at an excessive rate of speed.

2. STREET RAILROADS—ACTION FOR INJURY—PLEADING.—In an action against a street railroad company for injuries due to overturning of plaintiff's automobile because of the defective condition of the track, that plaintiff was guilty of negligence in violating the speed ordinances would not be considered when not pleaded.

[As to rights, duties, and obligations of street railroads with respect to streets, see note in 25 **Am. St. Rep.** 475.]

APPEAL from a judgment of the Superior Court of the county of Cochise.   A. G. McAlister, Judge.   Affirmed.

STATEMENT OF CASE BY THE COURT.

The appellee, as plaintiff, commenced this action against the appellant to recover damages alleged to have been suffered by the plaintiff resulting from the negligent manner in which appellant maintained its street railroad tracks within the corporate limits of the city of Bisbee, in violation of the express terms of Ordinance No. 111 of the city of Bisbee.   Said Ordinance No. 111 is the grant of the franchise to appellant to use the streets of the city corporation for the purposes of its street railroad tracks and cars, upon condition that it keep the rails and tracks of said street railway within the city of Bisbee constantly in repair, flush with the road or street, and in such manner that carriages and any other vehicles may easily and freely cross the same at all points and in all directions without obstruction.

On April 22, 1914, late at night, plaintiff was driving an automobile along a street upon which defendant maintained its street railroad.   The automobile overturned, pinning

plaintiff under it, and the injuries for which plaintiff claims damages were inflicted. The plaintiff claims that the defendant's failure to place its railroad track in the condition required by said ordinance was the proximate cause of the injuries, and the defendant contends that the injuries were caused from plaintiff's negligent driving of the automobile at a rate of speed prohibited by an ordinance of the city. The cause was submitted to the jury, and the jury returned a verdict for the plaintiff assessing his damages at $7,000. Judgment followed the verdict. From the judgment and from an order refusing a new trial, the defendant appeals.

Messrs. Knapp & D'Autremont and Mr. H. E. Pickett, for Appellant.

Messrs. Williams & Flanigan, for Appellee.

CUNNINGHAM, J. (After Stating the Facts as Above).— The appellant has assigned numerous errors, but the assignments so made, in effect, amount to an assignment that the verdict and judgment are not sustained by the evidence.

The appellant frankly admits that the assignments of error raise two principal contentions, viz.: (1) That plaintiff was guilty of contributory negligence in driving and operating his automobile; and (2) that plaintiff was driving the automobile at an excessive rate of speed in violation of Ordinance No. 183, and was therefore guilty of negligence precluding his recovery.

The defendant as special defenses to the action set forth that the plaintiff's negligence caused the injury and damages, and that the particular negligence so referred to consisted in this: That the automobile was "driven by plaintiff in a careless, negligent, improper, and unskillful manner, and at an unlawful, unreasonable, excessive, reckless, and dangerous rate of speed, to wit, at a rate of speed exceeding 15 miles per hour, in violation of Ordinance No. 183 of the City of Bisbee." A further defense of contributory negligence is set forth and alleged to consist of the same acts, viz., driving at a rate of speed in excess of 15 miles per hour in violation of said ordinance.

The charter duty of the defendant to keep its railroad track in a safe condition for use of carriages and like vehicles

is not in dispute. The fact that defendant had failed to perform its said duty is likewise not in dispute. On the other hand, the parties seem to consider as a fact that the rails and ties of the track were exposed from the Bridge Road street crossing, near which the automobile came into contact with the railroad track, southerly along Tombstone Canyon street to the point where the automobile was found overturned, a distance of 178 feet.

The manner and means by which plaintiff came in contact with the dangerous track are in dispute, and the cause of the overturning of the automobile is a matter of controversy. Conflicting evidence supports either side of the controversies.

The issue presented by the pleadings is whether the injuries resulted from plaintiff's driving the automobile at a rate of speed in excess of 15 miles per hour. The defendant offered evidence in support of its special defenses; that is, evidence tending to show that plaintiff was driving the automobile at a rate of speed from 20 to 25 miles per hour as the machine was approaching the Bridge Road street crossing near which crossing the automobile came into contact with defendant's railroad track. Such testimony was contradicted by a statement in writing signed and sworn to by the same witness made out of court a considerable period of time prior to the trial. On cross-examination of the plaintiff, he states that he may have been driving at the rate of 17 miles per hour at the point mentioned, but his best recollection and judgment was that he was not driving at a rate of speed to exceed 15 miles per hour. One witness testified that, from the time the automobile came into contact with the railroad track until it left the track, a distance traveled of about 100 feet, the time in which the distance of 100 feet was traveled was from 2 to 3 seconds. The defendant offered testimony tending to prove that the distance from the Bridge Road crossing to the point at which the automobile stopped overturned is 178 feet. Defendant contends that this evidence is not disputed, and conclusively shows that plaintiff was traveling at a rate exceeding 15 miles per hour from the Bridge Road crossing to the point of the injury. Conceding the correctness of the witness' estimate of the time required to make the distance of 178 feet, to wit, three seconds, then he was traveling at the rate of about 38 miles per hour. The plaintiff testified that, when he came into contact with the railroad track, he

disengaged the power on his automobile and applied the brakes. He only applied the power and released the brakes when he made efforts to steer the machine away from the railroad track. Such testimony conflicts with the testimony of defendant's said witness, for the reason common experience teaches that, if a vehicle is traveling at the rate of 25 miles per hour and turns on a curve on to a road where the two wheels on one side of the vehicle must run over exposed ties, the natural tendency will be to lessen the speed traveled; that when all the power is removed when the vehicle reaches a road such as is here described, and the brakes applied, the tendency is to lessen the speed to a much greater degree. Defendant's theory is that the speed was increased by the rough road and by the application of more power to the machine after the rough road was encountered. Hence the evidence was conflicting upon the question of speed. One other witness for defendant testified as to the noise the machine was making just prior to overturning. This noise awakened witness, and is described as a noise like an automobile makes when backing at a furious rate of speed. This is no evidence of the speed the automobile was traveling which the jury are bound to regard. The bumping of the machine over the exposed ties and rails may have been a satisfactory explanation of the noise concerning which the witness testified.

The vital fact, the speed at which plaintiff was driving at the time of the injury, remained to be determined by the jury from conflicting evidence. The jury have determined that question in favor of the plaintiff's evidence. Defendant had the burden of proof in maintaining its special defenses. The evidence, although conflicting, sustains the conclusions necessarily reached by the jury. If the jury believed from the evidence that the plaintiff was driving the automobile at a rate of speed equal to 15 miles per hour or less, then, of course, the finding of such to be the fact effectually and completely disposes of the defendant's special defenses of negligence and of contributory negligence, because such special defenses are based upon the allegations that plaintiff was at the time of the injury driving his automobile at a rate of speed in excess of 15 miles per hour. Whether the mere fact that plaintiff was violating the speed ordinance at the time of his injury would relieve the defendant of liability for its negligence in maintaining the dangerous track is not a ques-

tion of law in this case. The effect of the jury's verdict is to determine that plaintiff was not in fact so violating said speed ordinance, and such determination has the support of substantial evidence.

Appellant contends on this appeal that plaintiff was driving the automobile at a rate of speed in excess of six miles per hour, and he was therefore guilty of negligence because he was violating the said speed Ordinance No. 183. This contention would have a tendency to indicate that defendant abandoned its special defenses pleaded. However, such contention is suggested for the first time on appeal. Such matter was not made the grounds of any defense pleaded by defendant. Appellant cannot now predicate error on a state of facts which it failed to plead, and the assertion of such as a special defense is necessary to be of avail.

I find no reversible error in the record.

The judgment must be affirmed.

FRANKLIN, C. J., and ROSS, J., concur.

---

For authorities discussing the question of liability of street railroad company for defects in track or street, see notes in 52 **L. R. A.** 448; 15 **L. R. A. (N. S.)** 840.